# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| VAUGHN HARRIS | ] | |
| :--- | :--- | :--- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:15-0356 |
| | ] | Judge Sharp/Brown |
| DAVIDSON COUNTY SHERIFF, et al. | ] | |
| Defendants. | ] | |

To :   Honorable Kevin H. Sharp, Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

The plaintiff initiated this action with the *pro se* filing of a prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983.

Upon its receipt, the District Judge conducted a frivolity review of the complaint and dismissed all defendants, with the exception of Correct Care Solutions. *See* Docket Entry No. 3. The case was referred to the undersigned "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court." *Id.*

The plaintiff filed a Motion to Amend/Correct Complaint (Docket Entry No. 12), but at the same time filed a Notice of Appeal (Docket Entry No. 14) to challenge the earlier dismissal of defendants. In light of the Notice of Appeal, plaintiff's Motion to Amend/Correct Complaint was terminated by the undersigned pending final disposition of the appeal. Docket Entry No. 18.

The plaintiff's appeal was dismissed for lack of jurisdiction. Docket Entry No. 28. He responded by asking the Court to revisit his Motion to Amend/Correct Complaint. Docket Entry No. 30. Because a district court can allow a plaintiff to amend his complaint to avoid a *sua sponte* dismissal of its claims, LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013), the undersigned granted plaintiff's Motion. Docket Entry No. 33.

Presently before the Court is plaintiff's amended complaint (Docket Entry No. 12-1). Because the plaintiff is proceeding as a pauper, the Court is now obliged to review the complaint as amended to determine whether it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2).

The plaintiff is a pre-trial detainee at the Davidson County Criminal Justice Center in Nashville. He brings this action against twenty one (21) defendants, challenging various conditions of his confinement.[1]

In order to state a claim arising under 42 U.S.C. § 1983, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The plaintiff has named the Davidson County Sheriff's Department as a defendant. However, a county sheriff's department is not a "person" subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Therefore, the claims against this defendant should be dismissed.

Two of the defendants, Granvisse Earl and D. Weikal, are being sued because they failed to

---

[1] The defendants are identified to a certain extent on page two of the amended complaint.

act upon the plaintiff's grievances. *See* Docket Entry No. 12-1 at pgs. 14 and 18. Relief under § 1983 is not available when a prison official's only involvement was to deny the plaintiff an administrative remedy for his grievances. <u>Summers v. Leis</u>, 368 F.3d 881, 888 (6th Cir. 2004). The plaintiff has alleged nothing more with respect to these two defendants. Consequently, the claims against them should be dismissed as well.

*Pro se* pleadings are subject to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. <u>Lillard v. Shelby County Board of Education</u>, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. <u>Wells</u>, *supra*. Plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982).

In this regard, the plaintiff has named Sgt. Wright, M. Stephens, f/n/u Young, and John/Jane Doe (dental assistant) as defendants. These defendants are never mentioned in the plaintiff's Statement of Claim. As a consequence, he has failed to state a claim against them. In addition, the plaintiff alleges that defendant, Officer Jepson, gave him a cookie with "what looked like felt tipped ink spots on it" and would not give him another cookie to replace it. Docket Entry No. 12-1 at pg. 20. There are no allegations suggesting that the plaintiff was entitled to another cookie or that he got sick eating the cookie given to him by Officer Jepson. Thus, the plaintiff has failed to state a claim against this defendant.

The plaintiff has alleged that the defendants, B. Bourne and K. Rogers, through their actions,

3

denied him access to the courts. Docket Entry No. 12-1 at pg. 14. A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396, 419 (1974). It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, *supra* at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

The plaintiff has alleged no such showing of prejudice as a result of misconduct on the part of B. Bourne or K. Rogers. Therefore, he has failed to state an actionable claim against these defendants.

Finally, the plaintiff is suing Sgt. L. Farley for threatening to pepperspray him while being escorted to a segregation unit. Docket Entry No. 12-1 at pg. 14. It is well settled, though, that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Accordingly, the plaintiff has failed to state an actionable claim against Sgt. Farley.

## R E C O M M E N D A T I O N

For the reasons stated above, the undersigned has determined that the plaintiff has failed to state a claim against the Davidson County Sheriff's Department, Granvisse Earl, D. Weikal, B. Bourne, K. Rogers, Sgt. L. Farley, B. Jepson, Sgt. Wright, M. Stephens, f/n/u Young and John/Jane

4

Doe (dental assistant). Therefore, it is respectfully RECOMMENDED that the claims against these defendants be DISMISSED. 28 U.S.C. § 1915(e)(2).

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge