```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

VAUGHN HARRIS,                  )
                                )
        Plaintiff               )
                                )       No. 3:15-0356
v.                              )       Chief Judge Sharp/Brown
                                )       **Jury Demand**
DAVIDSON COUNTY SHERIFF, *et al.*, )
                                )
        Defendants              )

**TO:   THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the claims against Defendant A. Hayes be dismissed without prejudice for failure to obtain service and to prosecute by the Plaintiff, and that any appeal from a decision dismissing this Defendant not be certified as taken in good faith.

## BACKGROUND

The Plaintiff filed a complaint on April 1, 2015, against a number of Defendants, including A. Hayes. The case was initially allowed to pursue only against Correct Care Solutions (Docket Entry 3). The Plaintiff was subsequently allowed to amend his complaint (Docket Entry 12-1) in which he named A. Hayes as Defendant 10. The Magistrate Judge subsequently prepared a report and recommendation (Docket Entry 35) on June 18, 2015, recommending dismissal of a number of the Plaintiff's claims, another order allowing an amended complaint (Docket Entry 36), and finally an order directing the Clerk to send the Plaintiff a service packet for a number of Defendants, including A. Hayes (Docket Entry 37). Since the entries

of Docket Entries 35, 36 and 37 on June 18, 2015, it does not appear that the Plaintiff ever returned a service packet for service on Hayes.

On May 10, 2016 (Docket Entry 123), the Magistrate Judge notified the Plaintiff that no service had been made on Hayes and that he needed to provide a service packet or the Defendant would be dismissed from the case. As of the date of this report and recommendation nothing further has been received from the Plaintiff concerning Defendant Hayes.

**LEGAL DISCUSSION**

Rule 4(m)[1] of the Federal Rules of Civil Procedure is clear that if a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. If the plaintiff can show good cause for the failure, the court must extend the time for service for an appropriate period of time.

In this case it has been close to a year and service of process has not been obtained on this Defendant and the Plaintiff, despite being warned, has taken no action to complete service of process. Under these circumstances, the Magistrate Judge believes that dismissal without prejudice is required. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

---

[1] The rule was changed to allow only 90 Days December 1, 2015.

In accordance with the Sixth Circuit's direction in this case, the Magistrate Judge concludes that the Plaintiff's failure to complete service of process on this Defendant, after being specifically warned of its necessity is willful, and without service of process the case cannot proceed against this Defendant, and due to the passage of time it will be more difficult for this Defendant to respond to the allegations against him. The Plaintiff has been warned of the necessity from the beginning of this case (Docket Entries 130, 123) of the consequences of failing to obtain service on this Defendant. The magistrate judge will recommend the lesser sanction of dismissal without prejudice[2]. A court must be able to control its docket and move cases forward.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the case against this Defendant be dismissed without prejudice and that any appeal from such a decision not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

---

[2] Even if the dismissal is without prejudice the statute of limitation of one year may prevent the filing of a new complaint against this defendant.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 16th day of June, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge