# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, | ) |
| Petitioner, | ) |
| | ) Case No. 3:15-0356 |
| v. | ) |
| | ) Judge Sharp |
| DAVIDSON COUNTY SHERIFF, et al., | ) |
| Respondents | ) |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, (Docket No. 35), recommending that Petitioner's action be dismissed for failure to state claims against certain Respondents. Petitioner filed objections to the R & R. (Docket No. 44). Having undertaken *de novo* review of the matter in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the R & R is correct and properly applies the governing law.

In deciding to approve the R & R, the Court has considered the five "objections" raised by Petitioner. First, Petitioner argues that "Granvisse Earl and D. Weikal are the superior officers to the other D.C.S.O. officers that are letting thier [sic] staff violate inmate and detainees 8th and 14th Amendment Rights which is deliberate indifference on thier [sic] part." (Docket No. 44 at 1). Second, Petitioner argues that "[d]ue to D.C.S.O. staff reprisal [he] needs to amend [his] complaint to describe Sgt. Wright, M. Stephens, Health S.A., Young and Jane Doe's actions." Id. Third, Petitioner argues that he has "a right to uncontaminated food. [He] will amend [his] complaint to state [he] was entitled to uncontaminated food that this officer had made so and refused to replace it as was his duty by officer Jepson because he is a racist like Farley." Id. Fourth, Petitioner argues that his "rights to an adequate law library or legal

assistance was denied by these two officers – <u>Walker v. Mintzes</u>, 771 F.2d 920 (6th Cir. 1985). By denying [him] case law research that is required at the D.C.S.O. by the law librarian and the case manager refusing [him] copies of amended legal forms, notary, and mailing services and needed info for legal." <u>Id.</u> at 2. Fifth, Petitioner argues that "Sgt. L. Farley placed [him] back into S.M.U. Disciplinary isolation 10 minuets [sic] after letting [him] out for no reason, has been ignored by you the judge in this Recommendation. His actions amounted to corporal punishment. [He] spent 10 more days freezing to [sic]." <u>Id.</u>

These "objections" are actually Petitioner's attempts to amend his complaint, and have been ruled on previously. In a prior order, Magistrate Judge Brown stated Petitioner "has been told that if he wishes to amend his complaint he should file a new complaint that is complete in all details. His continued attempt to amend the complaint piecemeal does not advance his case." (Docket No. 63 at 2). The Magistrate Judge denied Petitioner's motion to make these amendments and therefore the Court will not consider them as "objections" to this R & R.

Having conducted a *de novo* review in accordance with Rule 72, the Court will accept the disposition set forth in the R & R. Accordingly, the Court rules as follows:

(1) The R & R, (Docket No. 35), is ACCEPTED and APPROVED; and

(2) Petitioner's claims against Davidson County Sheriff's Department, Granvisse Earl, D. Weikal, B. Bourne, K. Rogers, Sgt. L. Farley, B. Jepson, Sgt. Wright, M. Stephens, f/n/u Young, and John/Jane Doe (dental assistant) are DISMISSED.

(3) Petitioner shall have 21 days from the entry of this order to file an Amended Complaint.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE