UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

VAUGHN HARRIS,

    Plaintiff,

vs.

METROPOLITAN GOVERNMENT
OF NASHVILLE AND DAVIDSON
COUNTY, TENNESSEE, et al.,

    Defendants.
_____/

Civil Action No. 3:15-cv-00356

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER OF DISMISSAL

This matter is presently before the Court on the Court's review of plaintiff's most recent amended complaint [docket entry 205]. Because plaintiff has repeatedly failed to file an amended complaint that complies with Fed. R. Civ. P. 8(a), and because he has twice disregarded the Court's orders requiring him to file an appropriate amended complaint, the Court shall dismiss this matter with prejudice.

Plaintiff, a pro se inmate, commenced this action on April 1, 2015. His original complaint [docket entry 1] was brought against the Davidson County Sheriff, Correct Care Solutions, 15 named defendants, "all other superiors in neglect," and "any other unnamed officers responsible for the plaintiff's abuse and neglect." The complaint consisted of 15 pages of "statement of facts" and "relief requested" narratives, two pages of discovery requests, and 27 pages of grievance forms, incident reports, and other documents. Plaintiff complained, among other things, of "denial of dental care, staff reprisal and corporal punishment, personal injury, improper warmth, and harassment," Compl. at 6; "discrimination by the law librarian and denied legal case law," *id.*; that he "was lied

on and given a false infraction report by several officers while being forced to see a case manager that is a compulsive liar and I had not signed up to see," *id.*; that he "was injured in a door and the incident was completely denied," *id.*; that an "officer tampered with my food in reprisal for reporting misconduct on his friend," *id.* at 7; that "no Bibles were allowed to 4A inmates," *id.*; that his bed and sheets were urine-stained, *id.*; that his case manager falsely accused him of sexually harassing her, *id.* at 15; that a guard "smashed my arm in the door," *id.* at 17; and that a guard put ink spots on one of plaintiff's cookies, *id.* at 18.

On April 10, 2015, the Court granted plaintiff's application for leave to proceed in forma pauperis and dismissed the complaint as to all defendants except Correct Care Solutions [docket entry 3]. The Court noted that the complaint failed to state claims against any of the other defendants.

On April 20, 2015, plaintiff filed a "motion to amend complaint" [docket entry 6]. On April 21, he filed a document entitled "motion to amend complaint . . . amended complaint" [docket entry 7], which appeared to be an amended (or proposed amended) complaint that is essentially identical to the original complaint, but with the addition of three named defendants and some further allegations. The same day, he filed a "memorandum motion to amend legal case" [docket entry 8], which made other allegations and provided another long list of defendants.

On April 23, 2015, Magistrate Judge Brown issued an order denying plaintiff's motion for leave to amend [docket entry 10]. He noted that plaintiff's three recent filings [entries 6, 7, and 8] "make[] is difficult, if not impossible, to determine what his final complaint is in this matter." Magistrate Judge Brown ordered plaintiff, within 14 days, "to file a single amended complaint, which is complete in all details."

Plaintiff did not comply with the magistrate judge's order. On April 23, 2015, he filed a motion to amend and an amended complaint that looked very much like the original [docket entry 12]. The same day, plaintiff filed a notice of appeal [docket entry 14] regarding the Court's April 10, 2015, order of partial dismissal. The appeal was dismissed on June 15, 2015 [docket entry 31]. On June 18, 2015, plaintiff filed an amended complaint that appears to be a copy of the original [docket entry 36].

On July 1, 2015, plaintiff filed a "motion to amend complaint and add these pages to the complaint" [docket entry 45]. In this motion plaintiff asked that the Court "demote or fire" two defendants "for failure to uphold their legal responsibilities." *Id.* at 1. He alleged these defendants "both are liars and need to be fired"; that a sergeant placed him in segregation without a hearing; that the health services administrator "refused to make the dentist perform her job duties"; that another defendant neglected to replace plaintiff's contaminated cookie; that a dental assistant scratched plaintiff's gums while taking x-rays; that a case manager "refused to give my [legal research] request to the librarian; and that another sergeant "returned me to SMU for no reason for 10 days." *Id.* at 1-3. On July 16, 2015, plaintiff filed a "motion to amend complaint and add unknown defendant and misconduct" [docket entry 47] in which he alleged that a dental assistant "injured my gums twice on two separate occasions" and that the medical and dental staff have destroyed his requests for treatment.

On August 19, 2015, the magistrate judge denied these two most recent motions to amend and reminded plaintiff that he "has been told that if he wishes to amend his complaint he should file a new complaint that is complete in all details" [docket entry 63].

On April 27, 2016, plaintiff filed another document entitled "motion for amended and

supplemental pleadings to be added to complaint" [docket entry 117]. This is another rambling, disorganized, "stream of consciousness" diatribe that closely resembles the original complaint in size and appearance. On May 20, 2016, plaintiff filed another document by this title [docket entry 130]. It is 178 pages in length. On May 25, 2016, plaintiff filed another amended complaint, which appears similar to the original [docket entry 131]. On July 26, 2016, plaintiff filed another amended complaint, this one being 313 pages in length [docket entry 152].

On February 3, 2017, the Court dismissed the complaint in part and, once again, gave plaintiff the opportunity, within 21 days of the date of the order, to file a proper amended complaint [docket entry 189]. The same day, the magistrate judge reiterated that plaintiff had 21 days "to comply with the requirement that he file an appropriate amended complaint" [docket entry 190].

On February 28, 2017, plaintiff filed the most recent version of his complaint. It appears to be essentially the same as the original. The first 42 pages consists of a long list of defendants, a convoluted statement of facts, and various requests for relief – and 360 pages of grievances, dental records, medical records, and other documents.

The Court is out of patience. For two years the Court has waited for plaintiff to file a proper amended complaint. On three occasions – on April 23, 2015, February 3, 2017, and March 20, 2017 – the Court has specifically ordered plaintiff to do so. Plaintiff has stubbornly refused to comply with these orders, despite repeated coaching in the Court's orders of partial dismissal, which signaled how plaintiff might reasonably have pared down his complaint to comply with the Court's orders and the Federal Rules of Civil Procedure.

While pro se prisoner complaints are entitled to liberal construction, *see, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigators are not excused from complying with the

Court's orders or with the procedural rules applicable to all litigants. "[T]hose who proceed without counsel must still comply with the procedural rules that govern civil cases." *Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003) (citing *McNeil v. U.S.*, 508 U.S. 106, 113 (1993)). As the court stated recently in *Ra-El v. Shelby Cty.*, 2017 WL 1048099, at *2 (W.D. Tenn. Mar. 17, 2017),

> [p]ro se litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:
>
>> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).
>
> *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 Fed.Appx. 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's

5

claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 Fed.Appx. 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

In the present case, plaintiff has repeatedly filed the same complaint that fails to comport with the requirement of Fed. R. Civ. P. 8(a) that a pleading contain a "short and plain statement of the claim." Plaintiff has disregarded three of the Court's orders requiring him to amend his complaint appropriately. Instead of complying, plaintiff has repeatedly refiled the original rambling, disorganized, scattershot complaint (or some closely similar version thereof) with an ever growing number of exhibits and with no regard for the Court's several orders of partial dismissal. Under these circumstances, involuntarily dismissal for plaintiff's failure "to comply with these rules or a court order," Fed. R. Civ. P. 41(b), is proper. Accordingly,

IT IS ORDERED that the complaint in this matter is dismissed with prejudice.

/s/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: April 5, 2017
Detroit, Michigan

6